UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIANA SUZUKI TYREY, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:23-cv-00747 SEP |
| THE REHABILITATION INSTITUTION OF ST. LOUIS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is the motion of self-represented Plaintiff Diana Suzuki Tyrey for leave to commence this civil action without prepayment of the required filing fee. Doc. [2]. Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons set forth below, Plaintiff is directed to submit a copy of her charge of discrimination within 30 days. Finally, the Court denies Plaintiff's Motion for Appointment of Counsel, Doc. [3].

### DISCUSSION

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*, and the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et seq.*, alleging employment discrimination and retaliation.

"In order to initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter." *Stuart v. General Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). The same requirement applies for ADA claims. *Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 919 (8th Cir. 2018) (in order to assert an ADA claim, the Plaintiff must have first exhausted his administrative remedies by filing a charge of discrimination with the EEOC); *Harris v. P.A.M. Transp., Inc.*, 339 F.3d 635, 638 (8th Cir. 2003) ("There is a long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted."); and *Randolph v. Rogers*, 253 F.3d 342, 347 n.8 (8th Cir. 2001) ("Title VII of the

Civil Rights Act of 1964 and Title I of the ADA both require exhaustion of administrative remedies.").

Plaintiff has attached a right-to-sue letter to her Complaint, but she has not provided a copy of her charge of discrimination.  The Court will therefore order the Plaintiff to supplement her Complaint with a copy of her charge of discrimination within 30 days of the date of this Order so the Court can determine whether Plaintiff's claims in the Complaint are like or reasonably related to the claims in her charge.  *Duncan v. Delta Consolidated Indus., Inc.*, 371 F.3d 1020, 1024 (8th Cir. 2004).  If Plaintiff fails to submit her charge of discrimination within 30 days, the Court will dismiss this action without prejudice and without further notice.

### MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a motion to appoint counsel.  Doc. [3].  In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel.  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case.").  Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent Plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that Plaintiff as well as the court will benefit from the assistance of counsel."  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim.  *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing the factors, the Court finds that the appointment of counsel is not warranted at this time.  Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court, and neither the factual nor the legal issues in this case appear to be complex.  The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed In Forma Pauperis, Doc. [2], is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [3], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall submit a copy of her charge of discrimination within thirty (30) days of the date of this Order.

**IT IS FINALLY ORDERED** that Plaintiff's failure to comply with this Court's Order may result in a dismissal of this action, without prejudice and without further notice.

Dated this 13th day of September, 2023.

*Sarah E. Pitlyk*
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE