UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIANA SUZUKI TYREY,              )  | |
|                                  )  | |
|     Plaintiff,         )  | |
| v.                               )  | No. 4:23-cv-747 SEP |
|                                  )  | |
| THE REHABILITATION INSTITUTION   )  | |
| OF ST. LOUIS, et al.,            )  | |
|                                  )  | |
|     Defendants.        )  | |

**MEMORANDUM AND ORDER**

    Before the Court is Plaintiff Diana Suzuki Tyrey's Complaint. Doc. [1]. For the reasons set forth below, Plaintiff will be directed to file an amended complaint.

**LEGAL STANDARD ON INITIAL REVIEW**

    Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

    When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015)

(quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)).  But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

On June 6, 2023, Plaintiff filed a self-represented Complaint on a Court-provided form against three Defendants:  The Rehabilitation Institution of St. Louis, Encompass Health, and BJC Health.  Plaintiff checked the boxes indicating she is bringing this lawsuit pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*, and the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et seq.*, for alleged employment discrimination and retaliation.  She also checked the boxes indicating that she was discriminated against by her employers on the basis of race, national origin, color, disability, and "other:  FMLA."

Although Plaintiff appears to have timely filed the Complaint within 90 days of receiving her Right to Sue letter from the Equal Employment Opportunity Commission, *see* Doc. [1-3], her claims do not match the claims outlined in her Charge of Discrimination, *see* Doc. [5].  In her Charge of Discrimination, Plaintiff only marked the boxes for disability and retaliation; she did not claim discrimination on the bases of race, national origin, or color.

## DISCUSSION

A plaintiff's claims brought in federal court must be reasonably related to the claims outlined in the administrative charge or they will be subject to dismissal for failure to exhaust administrative remedies.  *See, e.g.*, *Duncan v. Delta Consolidated Indus., Inc.*, 371 F.3d 1020, 1024 (8th Cir. 2004).  Because Plaintiff's Complaint is not entirely related to the claims in her charge, the Court will allow Plaintiff 30 days to file an amended complaint on a Court-provided form in order to properly set forth allegations that are so related.

In an amended complaint, Plaintiff must be careful to only name her actual employer(s) as a defendant(s).  Plaintiff should then set forth, in separately numbered paragraphs, the factual allegations supporting each separate claim.  For example, Plaintiff shall articulate her disability

2

and retaliation claims separately, after clearly marking the correct boxes on the Court-provided form.  In stating her claim, she must describe the conduct she alleges is discriminatory and/or retaliatory.  In other words, Plaintiff must carefully describe the adverse employment action(s) she believes was taken *and* why it amounted to discrimination and/or retaliation.

Because the amended complaint will replace the original complaint, Plaintiff must also attach complete copies of her administrative charge of discrimination and EEOC Right-to-Sue letter.  No other documents should be attached to the amended complaint.  Failure to comply with the Court's instructions or the Federal Rules of Civil Procedure may result in the dismissal of this action.  *See Micklus v. Greer*, 705 F.2d 314, 317 n. 3 (8th Cir. 1983) (if a Plaintiff persistently fails to comply with Rule 8(a), a district court is justified in dismissing an action with prejudice).

The Clerk of Court will be directed to provide Plaintiff with an employment discrimination complaint form.  Plaintiff will be given 30 days in which to file her amended complaint.  Upon receipt of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court must provide Plaintiff with a copy of the Court's employment discrimination complaint form.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint on the Court-provided form, in accordance with the instructions set forth above, within **30 days** from the date of this order.  **Plaintiff must re-attach complete copies of her Notice of Right-to-Sue-Letter and Charge of Discrimination**.  No other attachments are to be included.

**IT IS FURTHER ORDERED** that Plaintiff's failure to comply with this Court's Order may result in a dismissal of this action, without prejudice.

Dated this 17th day of November, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE