# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DIANA SUZUKI-TYREY, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>THE REHABILITATION INSTITUTE )<br>OF ST. LOUIS, et al., )<br>)<br>Defendants. ) | Case No. 4:23-cv-00747-SEP |

## MEMORANDUM AND ORDER

Before the Court are multiple motions to dismiss Plaintiff's Amended Complaint, brought by Defendants BJC Health, Doc. [17], The Rehabilitation Institute of St. Louis (TRISL), Doc. [19], and Encompass Health Corporation, Doc. [27]. For the reasons set forth below, Defendants' motions are granted.

### FACTS AND BACKGROUND[1]

Plaintiff alleges in her Amended Complaint that she experienced employment discrimination and retaliation, and she brings claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., the Americans with Disabilities Act of 1990, as amended 42 U.S.C. §§ 12101, et seq., and the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, et seq. Doc. [11] ¶¶ 1, 11. She checked boxes on her Amended Complaint indicating that she was discriminated against on the basis of race, color, disability, and "other", writing in "FMLA status." *Id.* ¶ 11. She alleges that she was retaliated against when coworkers excluded from meetings and when she had to work while fellow employees watched movies. *Id.* ¶ 12. She further asserts that she had diabetes and at some time underwent surgery related to that condition. *Id.* She also alleges that her employer failed to promote her, and eventually terminated her employment, due to a lack of work resulting from "not enough patients in hospital." *Id.* ¶¶ 10, 12.

On April 8, 2022, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission in which she alleged disability discrimination and retaliation against

---

[1] For purposes of this motion, the Court takes the factual allegations in the Amended Complaint, Doc. [11], to be true. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

her employer, The Rehabilitation Institute of St. Louis. Doc. [11-2]. On April 19, 2023, the EEOC sent her a Determination and Notice of Rights, advising her that she had 90 days to file a lawsuit under federal law. Doc. [11-1].

In response to the Amended Complaint, each Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Docs. [17] (filed by Defendant BJC Health); [19] (filed by Defendant TRISL); [27] (filed by Defendant Encompass Health). Plaintiff responded to each motion, Docs. [21], [24], [25], [34], [38], and Defendants replied, Docs. [22], [23], [37]. The motions are all ripe for disposition.

## LEGAL STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint. When considering a Rule 12(b)(6) motion, the Court assumes all of a complaint's factual allegations to be true and construes all reasonable inferences in favor of the nonmoving party. *See Neitzke v. Williams*, 490 U.S. 319, 338 (1989).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, the complaint must allege facts supporting each element of the plaintiff's claims, and the claims cannot rest on mere speculation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Specifically, the complaint "must allege more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" and instead must "allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face.'" *K.T. v. Culver-Stockton Coll.*, 865 F.3d 1054, 1057 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *See Twombly*, 550 U.S. at 556.

## DISCUSSION

### I. Plaintiff's claims against BJC and Encompass are dismissed.

Defendants BJC and Encompass argue that Plaintiff fails to state a claim against them because she does not allege any facts showing that Encompass or BJC ever employed her. *See* Docs. [18] at 3-4; [28] at 3-4. They argue that each of Plaintiff's claims—under Title VII, ADA, the Rehabilitation Act and the FMLA—depends on the existence of an employment relationship between Plaintiff and Defendants. *Id.* Therefore, for Plaintiff to survive dismissal for failure to

2

state a claim on her employment discrimination claims against Encompass Health and BJC, she must "plead sufficient facts to support an employment relationship." *Ash v. Anderson Merchandisers*, LLC, 2014 WL 11394891, at *2 (W.D. Mo. July 2, 2014) , *aff'd*, 799 F.3d 957 (8th Cir. 2015) (citations omitted) ("[A] complaint must contain sufficient 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Because Plaintiff has not plead any facts supporting an employment relationship with them, Encompass and BJC argue, her claims against them must fail.

The Court agrees. Plaintiff has filed multiple responses to Defendants' motions to dismiss, yet nowhere does she identify any allegations in her Amended Complaint asserting that either Encompass or BJC ever employed her.[2] As all her claims are based on employment discrimination, she has failed to state a claim against either BJC or Encompass.

Plaintiff's claims against BJC and Encompass under Title VII, the ADA, and the Rehabilitation Act also fail for failure to exhaust administrative remedies. All of those statutes require plaintiffs "to exhaust [their] administrative remedies with the EEOC," or the comparable state agency, "before bringing a formal action." *Tyler v. Univ. of Ark. Bd. of Trs.*, 628 F.3d 980, 989 (8th Cir. 2011); *Voss v. Hous. Auth. of the City of Magnolia*, 917 F.3d 618, 623 (8th Cir. 2019) ("[A] plaintiff [must] file a complaint with the EEOC before filing a suit in federal court."). "Exhaustion of administrative remedies is central to the statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) (citing *Patterson v. McLean Credit Union*, 491 U.S. 164, 180-81 (1989)). To exhaust administrative remedies, an

---

[2] Plaintiff has filed numerous unauthorized responses to the motions to dismiss, in which she alleges new facts and attaches documents not contained or referenced anywhere in the Amended Complaint. The Court's limits its consideration of Plaintiff's filings to the responses she filed in opposition to each duly filed motion, Docs. [21], [25], [34], and it does not consider allegations not contained in the Amended Complaint. *See Clelland v. Cunningham Sandblasting & Painting, Inc.*, 2007 WL 62684 at *4, (W.D. Mo. Jan. 8, 2007) (A 12(b)(6) motion to dismiss "will succeed or fail based upon the allegations contained in the facts of the complaint."); *Marin v. TVS Supply Chain Sol.*, 2024 WL 4826792, at *6 n. 5 (Where the pro se plaintiff raised new arguments and allegations in his response to a motion to dismiss, the court disregarded the same "[b]ecause these new allegations were not part of Plaintiff's Complaint, they are not properly before the Court on the Motion to Dismiss, and the Court is not required to consider them.").

individual must:  (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue.  *See* 42 U.S.C. § 2000e-5(b), (c), (e); 42 U.S.C. § 12117.

BJC and Encompass both assert that Plaintiff failed to exhaust any of her claims against each of them, because she failed to include either BJC or Encompass in her administrative charge.  The Court agrees.  A claim is not administratively exhausted against an entity that is not included in the administrative charge.  *See Salina v. TKC Holdings*, 2020 WL 7861320, at *3 (E.D. Mo. Dec. 31, 2020).  The administrative charge attached to the Amended Complaint does not mention BJC or Encompass, so her claims against them under Title VII, ADA, and the Rehabilitation Act are subject to dismissal for this reason.

**II.     Plaintiff's claims against TRISL are dismissed.**

   **A. Plaintiff failed to exhaust administrative remedies with respect to her discrimination and failure to promote claims.**

TRISL first argues that Plaintiff failed to exhaust her Title VII discrimination claims regarding race, color, or failure to promote.  *See* Doc. [20] at 3.  As discussed above, before filing an action under Title VII in federal court, a plaintiff must first exhaust her administrative remedies, *Voss*, 917 F.3d at 623, and a failure to exhaust administrative remedies bars a plaintiff from filing a lawsuit based on the unexhausted claims, *Carter v. Missouri Dep't of Soc. Servs.*, 2009 WL 3807088, at *2 (E.D. Mo. Nov. 12, 2009).

"Courts will liberally construe discrimination claims made by pro se litigants."  *Id*. at *3 (citing *Shannon v. Ford Motor Co.*, 72 F.3d 678, 685 (8th Cir. 1996).  "However, there is a great difference between 'liberally reading a claim which lacks specificity … and inventing ex nihilo a claim which was simply not made' by the plaintiff."  *Id*.  "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge."  *Williams*, 21 F.3d at 223 (citations omitted) (quotations omitted).

Here, Plaintiff checked the "disability" and "retaliation" boxes in the section of the EEOC charge titled "CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*."  Doc. [20-1] at 1.  However, she did not check the "race" or "color" boxes in that same section of the charge.  In the narrative section of the charge where Plaintiff was to describe the

basis for her claims, she made no mention of discrimination based on race or color. *Id*. Therefore, Plaintiff did not exhaust her administrative remedies with respect to her claims of race and color discrimination under Title VII against TRISL, and she may not now bring a lawsuit based on those allegations. *See Wallin v. Minn. Dep't of Corr.*, 153 F.3d 681, 688 (8th Cir. 1998) (To "[a]llow[ ] a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge."); *Laws v. Norfolk S. Corp.*, 2015 WL 5886069, at *3 (E.D. Mo. Oct. 8, 2015) (granting defendant's motion to dismiss plaintiff's color discrimination claim because plaintiff did not check the box indicating "color" as the basis for her claim and her narrative was "devoid of any reference to her . . . color").

Plaintiff's failure to promote claim fails for the same reason.[3] Plaintiff failed to include any allegations in her administrative charge related to a failure to promote, and so she has not exhausted her administrative remedies regarding this claim and may not now pursue the claim in this Court. *See Bailey v. USPS*, 208 F.3d 652, 654 (8th Cir. 2000) (requiring exhaustion of administrative remedies before employee may bring discrimination claims).

### C. Plaintiff's ADA claims against TRISL suffer from pleading deficiencies.

TRISL next argues that Plaintiff fails to state a claim for disability discrimination under the ADA. *See* Doc. [20] at 7. The ADA makes it unlawful to discriminate against a "qualified individual with a disability" because of the disability. *Bahl v.Cty. of Ramsey,* 695 F.3d 778, 83 (8th Cir. 2012); 42 U.S.C. § 12112(a). To make out a discrimination claim under the ADA, "a plaintiff must plausibly allege that she '(1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment action because of her disability.'"[4] *Tipcke v. Olmsted Med. Ctr.*, 2023 WL 2776098, at *5 (D. Minn. Apr. 4,

---

[3] In the "Nature of the Case" section of her Amended Complaint, Plaintiff checked the line to indicate that her lawsuit purportedly involves a failure to promote, and beside it she wrote, "St. Peters location." Plaintiff does not specify which anti-discrimination law was allegedly violated with respect to this claim, so it is unclear whether Plaintiff's failure to promote claim is also brought under Title VII. However, this is of no material consequence, as Plaintiff clearly failed to exhaust her administrative remedies with respect to any failure to promote claim, so no further analysis of the claim is required.

[4] The Supreme Court recently relaxed the standard for showing an adverse employment action in employment discrimination cases brought under Title VII in *Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346 (2024). The Eighth Circuit explained the change as follows:

5

2023) (quoting *Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013)).  The ADA defines a "disability" as "a physical or mental impairment that substantially limits one or more major life activities of [an] individual." 42 U.S.C. § 12102(1).[5]

According to TRISL, Plaintiff does not sufficiently allege that she is disabled or that her termination was because of her disability.  *See* Doc. [20] at 9.  The Court agrees.  Even pro se litigants may not rely exclusively on conclusory allegations; they must allege facts which, if true, support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).  The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.,* 280 F.3d 868, 870 (8th Cir. 2002).  On that standard, Plaintiff does fail to state a claim of

---

> An adverse employment action is a disadvantageous change to the compensation, terms, conditions, or privileges of employment.  The Supreme Court recently obviated the requirement—replete in our case law—that the claimed injury be 'significant,' 'material,' or 'serious.'  After *Muldrow*, a [plaintiff] is only required to plead 'some harm respecting an identifiable term or condition of employment.'

*Cole v. Grp. Health Plan, Inc.*, 105 F.4th 1100, 1114 (citing *Muldrow*, 144 S. Ct. at 974, 975 n.2) (reversing dismissal of disparate treatment claim after finding plaintiff plausibly pled adverse action under *Muldrow*).  *Muldrow* addressed a discriminatory transfer claim under Title VII, and it is not clear whether the decision extends to cases brought under the ADA.  One district court in the Eighth Circuit has found that because the text of the ADA largely parallels the text of Title VII, the relaxed standard established in *Muldrow* should apply to discrimination claims brought under the ADA.  *See Florek v. Creighton University*, 2024 WL 4581466, at *19 (D. Neb. Oct. 18, 2024).  And, as noted by the *Florek* court, the decision to extend *Muldrow* to ADA cases "is consistent with the two Circuit Courts who have addressed ADA disparate treatment claims after *Muldrow*."  *Id.* (citing *Rios v. Centerra Grp. LLC*, 106 F.4th 101, 112 n.4 (1st Cir. 2024) (applying the Muldrow standard to the ADA because of the 'virtually identical' language and use of the same standards for showing discrimination); *Versaggi v. KLS Martin, L.P.*, 2024 WL 2290653, at *2 (5th Cir. May 21, 2024) (applying the *Muldrow* standard in an ADA case).  Therefore, even though the Eighth Circuit has not had the opportunity to address the issue, the consensus among the circuits who have is that *Muldrow* changed the law of adverse action under the ADA." *Id*. at *20.  While the undersigned finds these decisions persuasive, the Court need not determine at this time whether *Muldrow* applies to ADA discrimination claims, as Plaintiff here alleges that she was terminated, which would certainly have met the pre-*Muldrow* standard regarding adverse employment actions.

[5] To bring a successful ADA claim, a plaintiff must show "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C.§ 12102(1).  "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.* § 12102(2)(A).  "[A] major life activity also includes the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproduction functions." *Id.* § 12102(2)(B).

disability discrimination under the ADA.  Plaintiff alleges only that she suffers from diabetes, and that at some point in time she had surgery related to diabetic complications.  That is not sufficient to state a prima facie case of disability discrimination under the ADA.  First, diabetes is not presumptively disabling.  *See Burrow v. Boeing Co.*, 2011 WL 1594937, at *13 (E.D. Mo. Apr. 27, 2011) ("A diabetic is 'not considered disabled per se.'") (quoting *Katoch v. Mediq/PRN Life Support Servs. Inc.,* 2006 WL 516843, *15 (E.D. Mo. 2006)).  Plaintiff does not allege that her diabetes is severe, that her diabetes substantially limits her in any major life activity, that she had a record of such impairment, or that TRISL regarded her as having such an impairment.

Also fatal to her ADA claim is Plaintiff's failure to allege that Defendant took adverse action against her on account of her diabetes.  Nowhere in her Amended Complaint does Plaintiff allege that she was discriminated against because of diabetes.  Plaintiff does not allege that she was terminated due to her alleged disability, and in fact twice explicitly states that she was fired for lack of work because there were "not enough patients" in the hospital, and she does not allege that the stated reason for her termination was pretextual.  Doc. [11] ¶¶ 10, 12.  Thus, her own allegations confirm that her termination was not based on unlawful discrimination.

TRISL also argues that Plaintiff's ADA retaliation claim fails to state a claim.  *See* Doc. [20] at 10.[6]  The ADA contains an anti-retaliation provision that prohibits discrimination "against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."  42 U.S.C. § 12203(a).  To establish a prima facie case of retaliation under the ADA, a plaintiff must establish "(1) that he or she engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her;[7] and (3) a causal connection exists between the two events."

---

[6] It is not clear whether Plaintiff is in fact bringing a retaliation claim, as she did not check the box for "retaliation" in paragraph 10 of her Amended Complaint.  However, she included the word "retaliation" in the narrative portion of her pleading, so, construing her pleading liberally, the Court assumes that she intended to bring a retaliation claim.  Doc. [11] ¶ 12.

[7] As discussed above, it is not clear whether the relaxed standard for an adverse employment action announced in *Muldrow* extends to claims brought under other employment discrimination statutes.  *See Muldrow*, 601 U.S. at 354-55.  And, even if it does, it is also unclear whether it would apply to retaliation claims, as opposed to discrimination claims such as that brought in *Muldrow*.  The first courts to consider that question appear to be coalescing around a determination that the *Muldrow* standard does not extend to retaliation claims.  For example, in *West v. Butler Cnty. Bd. of Educ.*, 2024 WL 2697987, at *2 (11th

*Lors v. Dean*, 746 F.3d 857, 867 (8th Cir. 2014) (quoting *Green v. Franklin Nat'l Bank of Minneapolis*, 459 F.3d 903, 914 (8th Cir. 2006)). To have engaged in an activity protected by the ADA for retaliation purposes, the employee "must have asserted her rights under the ADA by either seeking an accommodation for her disability or by raising a claim of discrimination due to her disability." *Kirkeberg v. Canadian Pacific Ry.*, 619 F.3rd 898, 907-08 (8th Cir. 2010). Under the ADA, a retaliation claim "requires a but-for causal connection between the employee's assertion of [his] ADA rights and an adverse action by the employer." *Oehmke v. Medtronic, Inc.*, 844 F.3d 748, 758 (8th Cir. 2016).

TRISL argues that Plaintiff's retaliation claim fails because she does not allege that she engaged in any protected activity, or that any adverse employment action was taken against her as the result of engaging in statutorily protected activity. *See* Doc. [20] at 11. The Court agrees that Plaintiff pleads insufficient facts to support the first element of an ADA retaliation claim, and so it does not reach the rest of TRISL's argument. The Amended Complaint contains no allegation that Plaintiff participated in any protected activity. She does not allege that she sought an accommodation for her alleged disability, or that she filed an ADA grievance about alleged discrimination. Because she fails to allege that she engaged in protected activity, it follows that she also fails to allege a causal connection between any adverse employment action and her engagement in a protected activity. And because that is sufficient reason to dismiss her

---

Cir. May 24, 2024), the court held that *Muldrow* applies only to the anti-discrimination provision of Title VII, and that the Supreme Court's decision in *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006), still controls when it comes to the anti-retaliation provision of Title VII. In *White*, the Supreme Court held that a retaliatory action by an employer must be "materially adverse," such that it would "dissuade[ ] a reasonable worker from making or supporting a charge of discrimination." *Id.* at 67-68; *see also Bailey v. Fulton Cnty. Sch. Dist.*, 2024 WL 4297849, at *5 (N.D. Ga. Aug. 19, 2024) ("What the [Supreme] Court in *Muldrow* did was lower the bar for [employees] seeking redress under Title VII for discrimination—not retaliation—and the level of injury they must show to succeed; it did nothing to change the standard for retaliation claims under Title VII."); *Wilder v. Honeywell Fed. Mfg. & Techs., LLC*, 2024 WL 4567290, at *6 (W.D. Mo. Oct. 24, 2024) ("*Muldrow* did not contain a retaliation claim, and the Court did not indicate an intention to overrule *White*" and so the "materially adverse" standard for retaliation claims announced in *White* is still applicable.); *Hamilton v. Norristown State Hosp.*, 2024 WL 3623521, at *4 (E.D. Pa. Aug. 1, 2024 ("*Muldrow* did not liberalize the standard for Title VII retaliation plaintiffs. It was a Title VII discrimination case, not a Title VII retaliation case. (The plaintiff in *Muldrow* had been transferred from one unit to another for, she argued, discriminatory reasons. She did not allege retaliation.) Accordingly, in that *Muldrow* addressed the discrimination and not the retaliation provision of Title VII, it does not alter the standard for a retaliation analysis."). The foregoing cases all consider the application of *Muldrow* to Title VII retaliation cases. The Court was unable to locate cases discussing whether *Muldrow* extends to ADA retaliation cases. Because Plaintiff's ADA retaliation claim fails for other reasons, the Court need not decide whether *Muldrow* applies to such claims.

retaliation claim, the Court need not reach the question of whether Plaintiff has adequately pled that she suffered a retaliatory adverse employment action.

### D. Plaintiff's Rehabilitation Act claim against TRISL fails to state a claim.

In her Amended Complaint, Plaintiff checked the box indicating that she is bringing a claim of employment discrimination under the Rehabilitation Act of 1973. Doc. [11] ¶ 1. Under Section 504 of the Rehabilitation Act, "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." *Layton v. Elder*, 143 F.3d 469, 472 (8th Cir. 1998). "To establish a prime facie case of disability discrimination under Section 504, a plaintiff must prove: (1) [she] is a qualified individual with a disability; (2) [she] was denied the benefits of a program or activity of a public entity receiving federal funds; and (3) [she] was discriminated against based on [her] disability." *M.P. ex rel. K. & D.P. v. Indep. Sch. Dist. No. 721, New Prague*, 439 F.3d 865, 867 (8th Cir. 2006) (internal quotations and citation omitted).

Plaintiff's Rehabilitation Act claim fails for two reasons. First, as more fully discussed above, she has not alleged any facts supporting that she is a qualified individual with a disability. *See Johnson v. Robert McDonald Sec'y Dep't of Veterans Aff.*, 2016 WL 5870061, at *3 (E.D. Mo. Oct. 7, 2016) ("Decisions under the Rehabilitation Act or the ADA 'are applicable and interchangeable to claims under each statute,' [and] the Rehabilitation Act uses the same definition as the ADA for an individual with a disability.") (quoting *Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013)). Second, she has not alleged any facts explaining how the Rehabilitation Act applies to TRISL. The Act applies only to federal agencies or employers receiving certain federal financial assistance. *See* 29 U.S.C. § 794(a). Nothing in Plaintiff's Amended Complaint obviously relates to this issue. In one place she simply writes "COVID-19 funds." Doc. [11] ¶ 1. She does not allege that such funds were received by TRISL, or that the funds were federal in nature, but even if she had, it would not meet the requirements of the Act, as receipt of federal funds related to the COVID-19 pandemic does not subject employers to the requirements of the Rehabilitation Act. *See, e.g.*, *Marcus v. Ctr. for Disease Control and Prevention*, 2023 WL 3044614, at *8-9 (C.D. Cal. Feb. 21, 2023). Because Plaintiff fails to allege how she was denied access to a program receiving federal funds because of a disability, her Rehabilitation Act claim is dismissed for failure to state a claim for relief.

### E. Plaintiff's FMLA claim is untimely.

Plaintiff also alleges that she was discriminated against based on her "FMLA status." *See* Doc. [11], ¶¶ 11, 12. She does not explain why she believes her rights under the FMLA were violated, but she does clearly indicate that any discrimination she experienced ended in 2020. *Id*. ¶ 5. In the Amended Complaint she asserts that all alleged discrimination occurred between 2018 and 2020. *Id*. The statute of limitations on Plaintiff's FMLA claim is two years. *See* 29 U.S.C. § 2617(c)(1) ("[A]n action may be brought under this section not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought."). Plaintiff does not indicate when in 2020 the alleged discrimination last occurred, but even if the Court assumes that the most recent discrimination was on December 31, 2020, Plaintiff did not file her FMLA claim until more than two years after the date of the last alleged violation. As such, her FMLA claim is untimely and must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss Plaintiff's Complaint for failure to state a claim, Docs. [17], [19], and [27] are **GRANTED.**

**IT IS FURTHER ORDERED** that all other pending motions in this case are **DENIED** as moot.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 10th day of January, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE