## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DIANA SUZUKI-TYREY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:23-cv-00747-SEP |
| ) | |
| THE REHABILITATION INSTITUTION ) | |
| OF ST LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court in this closed case is pro se Plaintiff Diana Suzuki-Tyrey's Motion for a Hearing. Doc. [47]. For the reasons set forth below, the motion is denied.

### DISCUSSION

This matter was dismissed on January 10, 2025. *See* Doc. [45]. After the case was closed, Plaintiff filed a motion for a hearing in which she asserted that she has a right to sue Defendants. *See* Doc. [47]. She also filed a document entitled "Supplemental Regarding Amended Complaint," Doc. [48], in which she asks the Court to reopen her case, and a letter to the Court, Doc. [50], in which she requests a hearing by a jury. The Court construes the filings as a request for reconsideration of the Court's dismissal of this action.

Federal Rule of Civil Procedure Rule 59(e) allows a court to correct mistakes in the time immediately following judgment. Rule 59(e) motions "serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1998)). Rule 60(b) allows a court to relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b). It "provides for 'extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'" *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1987)).

There is no basis in Plaintiff's filings for altering or amending the Court's prior decision. Plaintiff does not point to any manifest errors of law or fact or any newly discovered evidence,

nor does she demonstrate any exceptional circumstances warranting relief.

To the extent Plaintiff may seek leave to amend her Complaint, that request is also denied. Plaintiff's "right to amend as a matter of course ended with the entry of the judgment of dismissal." *Fearon v. Henderson*, 756 F.2d 267, 268 (2d Cir. 1985), *overruled on other grounds by Campos v. LeFevre*, 825 F.2d 671 (2d Cir. 1987); *cf. United Steelworkers of Am., AFL-CIO v. Mesker Bros. Indus., Inc.*, 457 F.2d 91, 93 (8th Cir. 1972). Plaintiff's case was dismissed without prejudice, so she may file a new lawsuit in the future if she has meritorious claims, but this case is closed. Plaintiff may not file motions or other documents in this case to advance or support previously filed claims for relief.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Diana Suzuki-Tyrey's Motion for a Hearing. Doc. [47], construed as a motion for reconsideration, is **DENIED**.

Dated this 10th day of April, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE